## JOHN BROWN

### v.

## BOARD OF EDUCATION.

*Master and Servant—Lowest Bid—Board of Education—Janitor of Schools—Contract—Breach—Offer to Perform—Burden of Proof—Evidence—Instructions.*

1. Where no services are performed under a contract of hiring because of the fault of the employer, the employe may maintain an action for breach of contract, the measure of damages being the wages agreed upon, less any sum earned or which could have been earned by him through the exercise of reasonable diligence in seeking other employment.

2. The burden of proving that other work was, or could have been, obtained, is upon the employer.

3. Where the employer puts it out of the power of the other to perform, no offer to perform is necessary.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Clinton County; the Hon. JESSE JONES, Judge, presiding.

Messrs. WHITE & LAMBE, for appellant.

Messrs. VAN HOOREBEKE & FORD and M. P. MURRAY, for appellee.

REEVES, J. June 26, 1886, the Carlyle board of education adopted a motion to the effect that John Brown be employed as janitor for the next school term at a salary of $20 per month.

Brown v. Board of Education.

July 29, 1886, at a meeting of the same board, a motion prevailed " to reconsider the vote taken at a previous meeting whereby John Brown (colored) was elected janitor for the Carlyle public school for next school year."

At a subsequent meeting of the board, held August 20, 1886, H. C. Franklin was employed as janitor at a salary of $22 per month. It seems that previous to the meeting of June 26, 1886, the board had advertised for bids for the janitorship, and Brown's was the lowest bid. Brown was notified of the fact that the board had reconsidered its action electing him janitor, and he was subsequently notified that the board had elected Franklin as janitor, but he protested against such action to this extent, that he told the member of the board who informed him of the action of the board that he did not see how they could do such a thing.

Brown testified that he was ready and willing to enter upon the duties of janitor, but did not apply to the board for the keys of the school building, and did not go to the school house when the schools opened, in September, and ask to be put in charge as janitor. The testimony offered by appellee shows that had Brown offered his services when the school opened they would have been rejected, and that when school did open Franklin was put in charge as janitor. The testimony in the case, adduced on the trial, disclosed the reasons that induced the board to reconsider its action in electing Brown janitor, but we do not consider the reasons so shown sufficient to justify the appellee in refusing to carry out its contract with appellant. The case was tried by jury, and resulted in a verdict for appellant for $50. A motion by plaintiff for a new trial was denied, and judgment entered on the verdict for appellant, who brings the case to this court by appeal.

This suit was brought for a breach of the contract of hiring, and not to recover wages under the contract. Where no services are performed under a contract of hiring, the true rule is that the action must be for a breach of the contract, and the measure of recovery would be the wages to be paid, less any sum actually earned, or which might have been earned by the exercise of reasonable diligence in seeking other similar em-

ployment. *Prima facie*, the measure of recovery where the servant has not been allowed to enter upon the performance of the contract, in a suit for a breach of the contract of hiring, is the wages agreed to be paid by the contract, and the burden, in such case, of showing what the plaintiff did earn, or could by reasonable diligence have earned in other similar employment, is thrown upon the defendant. The defendant may reduce the recovery made out by plaintiff's *prima facie* case by proof showing what plaintiff did earn, or could have earned by the exercise of reasonable diligence in seeking other similar employment. Howard v. Daly, 61 N. Y. 362; Polk v. Daly, 14 Abb. Pr. N. S. (N. Y.) 156; Costigan v. Mohawk R. R. Co., 2 Den. 609; Wood's Master and Servant, p. 238.

The fourth instruction given for appellee was as follows: "The court instructs the jury that before the plaintiff can recover in this case an amount of damages commensurate or equal to the wages agreed upon, the plaintiff must prove that he tried to obtain work during the period of hiring and failed to do so after making reasonable effort."

It will be seen that this instruction states the law to be exactly the opposite of what it is, and was not only calculated to mislead the jury but actually did mislead them.

The defendant offered no evidence as to what appellant earned, or could have earned by reasonable effort to secure other employment, and by this instruction the jury were, in effect, told that the appellee was not called upon to make any proof on this point, but that the burden of proof on this branch of the case was on appellant.

Under the evidence in the case, the first instruction should not have been given without a modification. Where one of the contracting parties, by his own act, puts it out of the power of the other party to perform his part of the contract, no offer of performance is necessary.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*