| 36 | 133 |
| 88 | 651 |

# SCHOOL DISTRICT No. 4
## v.
## HANNAH STILLEY.

*Master and Servant—Contract with Teacher—Unlawful Discharge—Recovery of Wages—Evidence—Damages—Schools.*

1. One who at the time she signs a contract with the board of directors of a school district to teach, has a certificate from the county superintendent, can recover on the contract, though at the time of her application to the board, and the date of the contract, she had no certificate.

2. The date on the face of a contract is not even conclusive against the parties to it.

3. Where a school board discharges a teacher without cause, she may recover the amount of her wages according to her contract, unless it is shown that during the time she could have procured similar employment, the burden of proving which is on the board.

[Opinion filed August 27, 1890.]

APPEAL from the County Court of Williamson County; the Hon. W. W. DUNCAN, Judge, presiding.

On May 10, 1888, the board of directors of District 4, T. 10 S., R. 3 E., held a meeting for the purpose of employing teachers. Appellee solicited employment as a teacher. In acting on applications for employment the board determined to employ appellee and gave her notice of her employment. As testified to by one of the directors, "the board agreed to and did hire Miss Hannah Stilley, and ordered that the contract be reduced to writing and signed by her. The clerk was ordered at the meeting to prepare the contract, which was done on that day. I was then and there selected by the board to inform the plaintiff, Miss Stilley, of the fact that her proposition had been accepted, and she hired as one of the teachers. I saw her the same evening, May 10th, and gave her notice of her employment, and that she would be required to sign a written contract, and the contract was in the hands of the clerk."

At the time of the meeting on the 10th of May, appellee had no certificate from the county superintendent. On the 25th of May a certificate was issued to her, and in July or August she appeared before the clerk, read, and signed the contract prepared by order of the board. The contract, though signed in July or August, was dated May 10th. By the terms of the written contract, the time of the commencement of the school, the term school was to be kept, the duties the teacher was to discharge and the price to be paid, were stated. At the time school was to open appellee appeared, entered upon and discharged the duties of teacher about two weeks, when she became ill and solicited permission of the directors to furnish a substitute, named, until her health was restored, which was assented to. On her recovery, a week or two thereafter, she returned to resume her duties, and was notified she was discharged and would not be permitted to teach. She brought suit to recover her wages, and on trial verdict and judgment was entered in favor of plaintiff. The only question presented by the assignment of errors and on argument, is as to the right of recovery under this contract, not having a certificate on May 10th, but having one on May 25th, and the contract, though signed in July or August, dated May 10th.

Mr. WM. A. SPANN, for appellant.

Mr. JOSEPH W. HARTWELL, for appellee.

PHILLIPS, J. The proposition of appellee soliciting employment at the meeting of the board on May 10th was accepted, conditioned that she should sign a written contract, to be prepared by the clerk of the board, and which was then prepared. Of this appellee had notice. The contract so written was the proposition of the board, to which her assent was required before the contract was consummated.

At the time she assented to that proposition and signed the contract she held a teacher's certificate. The contract, though dated May 10th, was not consummated until July or August

as shown by the evidence, and was not entered into until that time.    All prior propositions were superseded by the written agreement.    Longfellow v. Moore, 102 Ill. 289.    The date appearing on the face of the contract is not conclusive even against the parties to it.    Baldwin v. Freydendall, 10 Ill. App. 106.    Holding a teacher's certificate at the time of accepting their proposition and contracting with them in writing, the contract was valid and binding on the directors, and in discharging her without cause they became liable for the amount of her wages according to the contract, unless it be shown she could during the time have procured work of a similar character.    And to show this fact was incumbent on them to reduce the amount to be recovered.    Brown v. Board of Education, 29 Ill. App. 572.    Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*