## E. H. Hostettler, Appellee, v. Asa Mushrush and Henry Paddick, School Directors, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Lawrence county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

### Statement of the Case.

Action by E. H. Hostettler against Asa Mushrush and Henry Paddick, school directors of district number sixty-eight of the county of Lawrence and State of Illinois, for damages for a breach of contract of hiring. From a judgment for plaintiff, defendant appeals.

This district had constructed a schoolhouse of two rooms and prior to the year 1913 had employed two teachers. Sometime during the month of June, 1913, plaintiff made application to the directors for position as teacher. After his application was received a meeting of the directors was held in the district, the time of which meeting is a matter of dispute. All the directors were present, and no other person except plaintiff and directors were present. Plaintiff contended that he was hired by the board as principal to teach only the advance grades. The two directors named as defendants contended he was hired to teach the entire school. The amount to be paid was $82.50 per month, and plaintiff was to do his own janitor work for a term of five

or six months. The minutes of this meeting were not written until shortly thereafter, and no written contract at that time was made and signed. Plaintiff contended that the meeting was on the 14th day of June, 1913. Defendants claimed that the meeting was on the 17th day of June, 1913; that afterwards in July, 1913, the board met and approved the minutes; that plaintiff was not present at this meeting; that about September 2, 1913, the board and plaintiff again met, when the dispute was as to whether plaintiff was hired as principal and to teach the advance grades, or whether he was employed to teach the entire school. The defendants contended for the latter and the plaintiff and one director contended for the former, as the contract. This dispute continued from that time to September 22, 1913, without an agreement being reached. Another teacher was employed after plaintiff had refused to enter into the contract contended for by two of the directors, and defendants, refused to receive and accept the services of plaintiff as contended for by him.

The issues of fact were whether plaintiff was employed by defendants to teach as principal the higher grades, or was he employed to teach the entire school. Evidence was offered on this issue; plaintiff and Director Mills for the first proposition, and the defendants for the second proposition. The court refused to admit in evidence the letter of Miss Weaver, a witness for plaintiff and an applicant for teacher in the primary room. Miss Weaver had testified to a conversation at the home of Mrs. Liddle with Henry Paddick in which she said that Mrs. Liddle said that she heard that he had hired Mr. Hostettler for the advanced room, and he said, "Yes, I think we have done well," etc. Mr. Paddick denied that he told Mrs. Liddle they had hired a principal and, as tending to corroborate his statement, as to what occurred and to discredit the evidence of Miss Weaver, produced and offered in evidence a letter from Miss Weaver to him

of date July 17, 1913, and identified by witness Weaver, a letter written and received after this meeting at the Liddle home, which letter is, in substance, as follows:

"Henry Paddick,
  Chauncey, Ills.
Dear Sir:

Have you hired a teacher for the primary room for this winter or is it your intention to have only one teacher? Please let me know as soon as possible.

Respectfully,<br>Mae Weaver,<br>Clay City, Ills."

The evidence of this conversation was admitted, but the objection to the letter was sustained.

Counsel for defendants complain of the judgment as being contrary to the evidence because plaintiff could have secured another school, but that he made no effort and remained on his farm, and attended to his private affairs, and for this no deduction was made by the jury.

McGAUGHEY & TOHILL, for appellants.

GEORGE W. LACKEY and B. O. SUMNER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 16*—*when must be harmonious.* A series of instructions must be harmonious and not misleading.

2. INSTRUCTIONS, § 16*—*when erroneous for lack of harmony.* Instructions constituting a series, in an action by a school teacher against a school district for breach of a contract of hiring, and in which the issue was as to whether plaintiff was to be hired to teach the whole school or only the advanced grades as principal, one of which tells the jury they must find for the defendants

Hostettler v. Mushrush et al., 194 Ill. App. 58.

unless the plaintiff proved that he was employed to teach the principalship, another of which tells them that plaintiff may recover if he has proven that he was employed to teach the school, another of which tells the jury that one promise is a good consideration for another, and that the plaintiff may recover if he proved that he was employed to teach the principalship, *held* inharmonious and misleading.

3. SCHOOLS AND SCHOOL DISTRICTS, § 174*—*what evidence admissible in action for breach of contract to hire teacher.* Where the question in issue in an action by a school teacher against a school district for damages for breach of a contract of hiring was as to whether the plaintiff was employed to teach as principal of the higher grades or to teach the entire school, and in which the testimony of a witness for plaintiff that one of the directors had told a certain person in her presence that he had hired plaintiff for the higher grades was denied by such director, a letter written subsequently to such conversation by plaintiff's witness to such director inquiring as to whether he had hired a teacher for the primary room or intended to have only one teacher, was admissible as going to the credibility and weight to be given to the evidence of such witness.

4. MASTER AND SERVANT, § 42*—*what is remedy for breach of contract when no services performed.* Where no services are performed under a contract of hiring, the action must be for a breach of the contract.

5. MASTER AND SERVANT, § 52*—*what is measure of damages for breach of contract of hiring.* The measure of recovery for breach of a contract of hiring, where no services have been performed, is the wages to be paid, less any sum actually earned or which might have been earned by the exercise of reasonable diligence in seeking other similar employment.

6. MASTER AND SERVANT, § 47*—*who has burden of proof in action for breach of contract of hiring.* The burden of proof in an action for breach of contract of hiring, no services having been performed, is upon the defendants to show that plaintiff did earn, or by reasonable diligence could have earned, wages in other similar employment.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.