(No. 22328.—

DOROTHEA HARTMANN, Appellee, *vs.* THE BOARD OF EDUCATION OF WESTVILLE TOWNSHIP HIGH SCHOOL DISTRICT No. 220, Appellant.

*Opinion filed June 15, 1934.*

RALPH ROUSE, for appellant.

MANN & STIFLER, and LEWMAN & CARTER, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Dorothea Hartmann, appellee, filed suit in the circuit court of Vermilion county against the board of education of Westville Township High School District No. 220, in Vermilion county, for an alleged balance due her under a contract of employment as teacher. A general and special demurrer to the declaration was overruled and appellant elected to abide its demurrer. Judgment was entered against defendant in the sum of $500 and costs. Upon appeal the Appellate Court for the Third District affirmed the judgment, and the cause comes here for review by a certificate of importance.

The declaration avers the execution of a contract of employment between the parties, employing appellee as a teacher in appellant's school for a period of nine calendar months, commencing August 18, 1931, at the rate of $200 per month. The contract contained, among others, the following provision: "That in case said teacher shall be dismissed from said school by said board or their successors in office, for incompetency, cruelty, negligence, immorality or a violation of any of the stipulations of this contract, or in case her certificate should be revoked by the county superintendent of schools, said teacher shall not be entitled to compensation after such dismissal or revocation." The declaration averred acceptance of employment by appellee as teacher and a continuance of employment under the contract until March 15, 1932, and alleges that

the discharge of appellee by appellant on March 15, 1932, was without any reasonable or just cause. It further averred appellee's willingness to continue teaching at the time of the discharge. As special grounds of demurrer appellant averred "that under the laws of Illinois the defendant is given the power, among other things, to dismiss or remove any teacher whenever in its opinion said teacher is not qualified to teach or whenever in its opinion the interests of the schools may require it; that plaintiff's contract with the defendant was subject to this provision of the statute; that the power of defendant to dismiss and remove plaintiff because of her lack of qualification to teach, or because the interests of the schools may require it, is a discretionary power vested in defendant, and that this court has no jurisdiction to hear this cause in the absence of allegations by plaintiff that defendant abused its said discretion or acted in bad faith or was guilty of fraud, corruption or oppression in its dismissal or removal of plaintiff."

The action of the trial court in overruling the demurrer, sustaining the declaration and entering judgment thereon is assigned as error, and it is here urged that the declaration did not state a cause of action. An examination of the declaration shows the contract sued upon, with allegations of the capacity and qualification of appellee, the execution of the contract, and a dismissal of appellee by appellant on March 15, 1932, prior to the full performance and the termination of the contract. The averments of the declaration are also to the effect that appellee was to receive her pay, under the contract, unless dismissed from the service as a teacher on the grounds of incompetency, cruelty, negligence, immorality or a violation of any of the stipulations of the contract or unless her certificate was revoked by the county superintendent of schools. Her dismissal by the board of education on March 15, 1932, was averred to have been without "any reasonable or just cause."

Appellant contends that in addition to the power given to boards of directors by section 115 of the general School law, boards of education have the power, and it shall be their duty, as provided by section 127 of the general School law, "to dismiss and remove any teacher, whenever, in the opinion of the board of education, he is not qualified to teach, or whenever, in the opinion of the board of education, the interests of the schools may require it." It avers that the declaration herein is defective because it does not contain any sufficient allegation that the dismissal of appellee was not in the interests of the school in question, as provided by section 127; that the allegations of the declaration are referable only to the provisions of section 115·which provide specific causes of removal by boards of school directors, which power is also conferred upon boards of education, with the additional power in such boards to dismiss when in their opinion the interests of the schools may require it.

We believe that a proper interpretation of the power of boards of education gives to them the power of removal and dismissal of teachers for cause and was not intended to bestow upon them power to arbitrarily or without cause dismiss teachers from their employment, and that the power to dismiss and remove any teacher "whenever, in the opinion of the board of education, he is not qualified to teach, or whenever, in the opinion of the board of education, the interests of the schools may require it," is but the specification of another cause of removal. The declaration specifically averred that the dismissal and removal of appellee as a teacher was done without any reasonable or just cause, and this, under our view of the law, was a sufficient averment that the dismissal was in breach and violation of the contract of employment. The declaration in this case was sufficient, and the action of the trial court in overruling the demurrer was not erroneous.

The judgment is affirmed.  *Judgment affirmed.*