**C. Donald Betebenner, Appellee, v. Board of Education of West Salem Community High School District Number 201, Edwards County et al., Appellants.**

**Term No. 4808.**

Opinion filed February 23, 1949. Released for publication March 21, 1949.

R. E. BOLEY and L. L. ARNOLD, both of Olney, for appellants.

SUMNER & LEWIS, of Lawrenceville, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

C. Donald Betebenner, petitioner appellee, brought mandamus suit against the Board of Education of West Salem Community High School District Num-

ber 201, Edwards county, Illinois, and Raymond H. Clodfelter, president of said Board of Education, and Irl Greathouse, Walter Giese, Pernie Marks and Chester Fishel, members of said Board of Education, defendants appellants.

From September 1932, until the end of the school year 1945–1946, inclusive, appellee was employed as a full-time teacher for the West Salem Community High School. February 21, 1946, appellants, upon unanimous agreement, sent to appellee by registered mail a notice of dismissal. Appellee requested a hearing before the Board of Education on the reasons for his dismissal. The board, on hearing, sustained its prior action; whereupon, appellee appealed said decision to an appeal committee which on May 16, 1946, reversed the board's findings. A petition was then filed by the board in the circuit court of Edwards county to review said committee's decision. On January 31, 1947, said court dismissed the appellant's petition for failure of the appellants to comply with the provisions of the Administrative Review Act of Illinois. All of the above procedure was in accordance with the requirements of the Teachers' Tenure Act of Illinois.

On August 8, 1946, appellants in writing notified appellee that his duties as a teacher had ceased with them and that no subsequent salary would be paid. Appellee, also in writing, thereupon notified appellants that he claimed employment for the school year 1946–1947 under the provisions of the Illinois Teachers' Tenure Act and was ready, able and willing to perform same. On the first day of said school year, September 2, 1946, appellee reported to said school but was advised that there were no duties for him to perform then or subsequently. During the school year 1946–1947, appellants refused to reinstate appellee in accordance with the appeal committee's holding.

August 11, 1947, this action was begun in the circuit court of Edwards county by appellee on the theory

that he was entitled to the benefit of the provisions for contractual continued service in the Illinois Teachers' Tenure Act (Ill. Rev. Stat. 1947, ch. 122, par. 24–2 [Jones Ill. Stats. Ann. 123.1125]). Appellee prayed that the writ of mandamus issue commanding appellants to employ him as a full-time teacher for the school year 1947–1948 at a salary of $2,300, to pay him salary of $2,300 for the past school year, together with legal interest thereon, or in the alternative, that the board deliver to the teacher a warrant against the school district's educational fund for the salary and interest as aforesaid.

The circuit court granted the writ, found that the appellee, was, on September 2, 1947, a tenure teacher under the contractual continued service provisions of the Illinois Teachers' Tenure Act, was entitled to be reinstated at a yearly salary of $2,300 and to receive payment for back salary of $2,300 plus interest. From this decision the appellants bring the case to this court.

It is a contention of appellants that the petitioner never entered upon contractual continued service for the reason that he never served a probationary period of two years as required by statute. It should be noted that the petitioner appellee was continuously employed by appellants from the year 1932 until the school year ending in 1946 and that since 1941 appellee never held a contract which was "probationary" on its face. Appellee contends that he has had five years of teaching since the effective date of the Teachers' Tenure Act and that the Act should be construed to provide that teaching after the effective date of the Act was automatically probationary for the required period.

Appellee also contends that appellants are barred from now maintaining that appellee is not under contractual continued service because the question is *res adjudicata* or estopped by verdict in connection with the proceeding brought by the appellants to dismiss him in February 1946. We have investigated

those proceedings had upon the attempt at dismissal and find that the question of whether appellee had served his probationary period and was entitled to contractual continued service was never litigated in that action. Furthermore, that question was not necessary to a decision in those proceedings because even before the passage of the Teachers' Tenure Act it was necessary to have a hearing in order to discharge a teacher during the year. (See *Hartmann v. Board of Education, Westville Tp. High School Dist. No. 220,* 356 Ill. 577.) Such being the case, *res adjudicata* or estoppel by verdict would not apply. (*City of Elmhurst v. Kegerreis,* 392 Ill. 195, and cases cited.)

It therefore becomes our duty to construe the Teachers' Tenure Act to ascertain if the legislature intended that service of a teacher after the effective date of the Act would be automatically probationary. It is a cardinal canon of statutory construction that the court in construing a statute is to ascertain the intent of the legislature by consideration not only of the language used but the evil to be remedied and the objects to be attained. (*People v. Funkhouser,* 385 Ill. 396; *Sweitzer v. Industrial Commission,* 394 Ill. 141.) The particular provision of the Teachers' Tenure Act involved in the case at bar is par. 24–2 of ch. 122 of Ill. Rev. Stat., providing as follows: "Any teacher who has been employed in any district as a full-time teacher for a probationary period of two consecutive years shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least sixty days before the end of such period."

Prior to 1941, boards of education possessed the unlimited discretionary right to refuse to rehire teachers at the end of any contract period. It is a matter of common knowledge that some boards of education would on occasions fail to rehire a qualified

teacher for reasons that were political, partisan, capricious, or purely personal or malicious, which reasons had nothing to do whatsoever with the experience and ability of the teacher. Undoubtedly the objects here to be attained by the legislature in passing the Teachers' Tenure Act were to improve the school systems by assuring to teachers of experience and ability a continuance of service and a rehiring based upon merit, but reserving in the Board of Education the right to have a two (or sometimes a three) year period to adjudge of any teacher's character and qualification before the contractual continued service status was acquired and the right to dismiss or refuse to rehire a teacher for good cause. Having in mind these objectives, to hold, as contended by appellants, that the required probationary period is complied with only when the contract of hire so states or clearly implies would only serve to leave the power in boards of education to completely defeat and nullify the object and purposes of the Act by refusing to enter into contracts which state or clearly imply that the services were to be probationary. Such a situation was not the intent of the legislature. We hold that all service by teachers under contracts entered into after the effective date of the Act, even though the contract is silent as to probationary period, is intended and deemed to be probationary until such time as the teacher acquires contractual continued service status.

██ Appellants point out that appellee taught in this district since 1932 and could not possibly be deemed to be on probation any time subsequent to 1941. We are aware that the word ''probationary'' means ''serving for trial'' and that ordinarily a person is not serving for trial after he has been rehired for a number of years by a Board of Education. (*Anderson v. Board of Education of School Dist. No. 91,* 390 Ill. 412.) However, the Teachers' Tenure Act grants new rights and obligations and the teacher un-

der said Act is automatically serving a trial period in contemplation of the tenure provisions of the Act regardless of the fact that the teacher has previously taught in the same school for a number of years.

Under the interpretation of the Act as above set out, the complaint did state a cause of action and the lower court was not in error in denying the motion to dismiss it.

██ It is argued by the appellants that this case should be reversed for failure of the appellee to make all necessary parties defendants: namely, E. Hayes Kennard, a teacher hired when appellee was prevented from teaching, and the West Salem Community High School District. No controversy should exist as to Mr. Kennard. His rights depend upon a contract with the school board regardless of the outcome of this suit. Although he may be indirectly affected, failure of the school board to properly discharge appellee does not of necessity of law result in Mr. Kennard's loss of employment; as was the case in *People v. Barrett,* 383 Ill. 207. Furthermore, to permit the board to escape their duty under the Tenure Act by their own hiring of another teacher would be a travesty on justice.

██ Nor is it necessary that the high school district be expressly made a party. The Board of Education and its members were sued in their official capacity to compel performance of an official duty. This suit is for all practical purposes a suit against the high school district. As such it may be properly brought against the board and the board members in their official capacities or the high school district alone. (*City of Elmhurst v. Kegerreis, supra.*)

██ Appellants also contend that the appellee is barred by laches and that to award a writ of mandamus reinstating appellee would clearly disarrange the affairs of the district. So far as laches is concerned, the record discloses the following facts. On

August 16, 1946, appellee served a written notice on appellants advising them of the appeal committee's decision of May 16, 1946, in his favor and that he claimed employment for the school year 1946–1947 under the Teachers' Tenure Law. The circuit court of Edwards county on January 31, 1947, entered an order denying appellants' motion for retrial on their amended petition to review the record of the appeal committee. Appellants had ninety days to appeal from this order. Appellee would have no clear right of action in mandamus so long as the proceedings attempting to discharge him were pending. On May 1, 1947, the time for appeal expired. On June 19, 1947, appellee served written notice on appellants demanding reinstatement and back pay. Finally, August 11, 1947, this suit was filed. From the date of the circuit court's order dismissing the appeal from the appeal committee until this suit was filed, appellants have shown no change of position or hardship that would justify the application of the doctrine of laches. We also fail to see any disarrangement of the district except what has been caused by the illegal acts of appellants.

 Appellants contend that the court erred in ordering petitioner reinstated at a salary of $2,300 for the school year of 1947–1948 and that if reinstatement was ordered at all it should have been on a basis of $1,900. It appears that prior to 1945 petitioner was assistant principal at a salary of $2,000 and was paid $300 additional for coaching. On April 12, 1945, appellants, as the Board of Education, abolished the office of assistant principal and placed all teachers, including petitioner, on a salary basis of $1,900 with the added provisions that "unless C. Donald Betebenner coaches, if so his salary to be $2,300." During the school year 1945–1946 petitioner taught and coached and received the $2,300 salary. Petitioner, however,

was affected with a heart condition and told several members of the board that he would like to be relieved of coaching duties. Coaching athletics (as distinguished from physical education) is extra curricular duty and is not a subject upon which teachers are certified. In this case it was contracted for upon a basis separate from petitioner's teaching duties and a separate amount alloted for coaching duties. We do not interpret the Tenure Act to mean that contractual continued service status will attach to extra curricular services when they are contracted for separately, at a specified amount. Furthermore, the board could, in response to the request of petitioner, relieve him of coaching duties with the right to apply the $400 to whomever was selected to perform those duties. Hence the writ should have ordered petitioner reinstated at a salary of $1,900.

Appellants also contend the lower court erred in ordering petitioner paid back salary of $2,300 for the school year 1946–1947 for the reason that said sum had not previously been ascertained and therefore was not properly recoverable in mandamus. Mandamus will properly lie only when the one seeking the writ evidences a clear right. (*L. E. Myers Co. v. Sanitary District,* 386 Ill. 542, and cases cited.) It naturally follows that if petitioner is asking for a money judgment his clear legal right to the amount asked for must also be shown. The collection of an unascertained debt or sum of money is not the proper subject of a mandamus action. Usually it is required that such money claim be reduced to judgment. (*People v. County of LaSalle,* 378 Ill. 578, and cases cited; *Bengson v. City of Kewanee,* 380 Ill. 244.)

As herebefore pointed out, petitioner's right to receive the $400 for coaching was uncertain because of the possibility of the board relieving him of coaching duties or removing him from employment as coach. Furthermore, in Illinois a teacher so discharged,

as the appellee, is under a duty to mitigate the damages if similar employment is obtainable. (*Hostettler v. Mushrush,* 194 Ill. App. 58; *School Dist. No. 4 v. Stilley,* 36 Ill. App. 133; Restatement of the Law of Contracts, Illinois Annotations, paragraph 336.) This question was raised and required to be litigated. Thus petitioner could not show a clear legal right to any certain ascertained sum for the year 1946–1947. This question of the amount of back salary was not triable in a count asking for a writ of mandamus. (*L. E. Myers Co. v. Sanitary District, People v. County of LaSalle,* and *Bengson v. City of Kewanee, supra.*)

The judgment of the lower court is affirmed in so far as it finds the petitioner is under the Tenure Act and, in so far as it orders him reinstated; the judgment of the lower court is reversed in so far as it orders petitioner reinstated at a salary of $2,300, and, in so far as it allows a judgment for salary for the school year 1946–1947. The cause is hereby remanded to the lower court with directions to modify the judgment so as to order petitioner reinstated at a salary of $1,900 instead of $2,300, and to deny the prayer for judgment for salary for the school year 1946–1947, without prejudice.

*Judgment affirmed in part, reversed in part and cause remanded with directions.*

Culbertson, P. J., and Scheineman, J., concur.