Albert L. Biehn, Appellee, v. Mildred E. Tess et al., Appellants.

Gen. No. 45,043.

Opinion filed March 8, 1950. Rehearing denied March 31, 1950. Released for publication April 3, 1950.

RUGEN, LIGTENBERG & GOEBEL and ROY A. WHITESIDE, all of Chicago, for appellants; JOHN LIGTENBERG, of Chicago, of counsel.

JAMES W. MILNE, RICHARD F. LOCKE, and CATTELL, WALDRON & McDOWELL, all of Chicago, for certain appellee, and EARL GIRARD, *pro se.*

MR. JUSTICE BURKE delivered the opinion of the court.

In a complaint, as amended, filed by Albert L. Biehn in the superior court of Cook county against the Board

of Education of Community High School District No. 219, Cook county, Illinois, and the members of the Board of Education thereof as such and as individuals, he alleged that he had been employed by the board as superintendent-principal on July 1, 1942, and that his employment had been continuous up to August 11, 1949, when the board acted upon charges against him, attached to the complaint as Exhibit 1, and adopted a resolution, Exhibit 2, dismissing and removing him. In this resolution provision was made for a hearing, if requested. The complaint, as amended, alleges that he requested a hearing. Plaintiff alleges that the causes for his dismissal are remediable and that he should have been given an opportunity to remedy them. He asks that the defendants be forever restrained from prosecuting the charges, that he be reinstated and that he be awarded damages of $20,000. In oral argument the lawyers stated that the district embraces all of Niles Township and that the high school is in the Village of Skokie. Two taxpayers filed an intervening petition asking for similar and some additional relief. Earl Girard, a defendant and a member of the board, filed his appearance *pro se* and later filed his answer to the complaint. In his answer he admits all the allegations of the complaint except those relating to plaintiff's claim for money damages. The other defendants filed motions to strike and dismiss the complaint as amended and the intervening petition. The court overruled both motions, but struck from the intervening petition certain matters not pertinent here. These defendants did not stand on their motions, but were given leave to answer. The order overruling their motions also contained the following injunctional order:

"That until the further order of this court, or until the final determination of this cause, all of the defendants herein and each of them and their respec-

143

tive agents and attorneys are hereby enjoined and restrained from further prosecuting the 'Charges Against Dr. A. L. Biehn' which have been made by the defendants against the plaintiff and a copy of which are attached to and made a part of the Complaint as 'Exhibit 1' thereto, and are also hereby restrained and enjoined from bringing the plaintiff to trial upon the said charges or any of them.''

Defendants appealed from this interlocutory injunctional order.

 At the outset we are faced with a procedural question. Plaintiff maintains that sec. 78 of the Civil Practice Act (par. 202, ch. 110, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 104.078]) permitting appeals from certain interlocutory orders is not intended to provide for a review of the rulings of the trial court on motions in the nature of demurrers; that the only purpose of that section is to permit a review of the exercise of the discretion lodged in the chancellor for the purpose of determining whether the interlocutory order was necessary to maintain the status quo and preserve the equitable rights of the parties; that a defendant who has "demurred" to a complaint and been defeated thereon and against whom an interlocutory injunction has issued, will not be permitted on appeal to argue the sufficiency of the complaint; that in such case he is confined to the question as to whether there was an abuse of discretion in the granting of the injunction; and that in the instant case the defendants who elected to answer cannot argue the questions raised by their "demurrer" which were decided adversely to their position. An examination of the complaint shows that plaintiff's case is based on the alleged failure of the board to give him "reasonable warning in writing, stating specifically the causes which if not removed, may result in charges" for his removal as a principal. The sole issue on this appeal

is whether plaintiff is entitled to any injunctive relief. This of necessity brings into question the sufficiency of the complaint. There can be no doubt that if plaintiff did not have an equitable right to an injunction, that the order therefor was improper. In a proper case a court of equity will grant a temporary injunction to preserve and hold in status quo the rights of the parties until the cause can be disposed of on its merits. However, if it appears from the face of the complaint that there is no equity in it and no sufficient grounds are disclosed therein why the court should interfere, it is error to grant a temporary injunction. The cases cited by plaintiff in support of his position on this point are those wherein the court considered that the complaint made out a case for equitable relief. The instant appeal is from the order granting the temporary injunction. The fact that in the same order defendants' motion to dismiss the complaint was overruled and that they elected to answer rather than to stand on their motion, would not justify the order for a temporary injunction if the complaint in fact failed to state a case for equitable relief. If the rule were as plaintiff contends, a court could grant a temporary injunction though the complaint stated no ground for equitable relief. A defendant who does not stand on his motion to dismiss may nevertheless contend on an appeal from an interlocutory order that the complaint does not set forth grounds for any relief. We have been unable to find any cases challenging this view. We are of the opinion that on this appeal the defendants may argue that the complaint does not entitle them to any relief in equity. In considering the complaint we accept as true the facts well pleaded but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. Only propositions of law are presented by this appeal.

Defendants insist that the principal of a Community High School District is not employed under the provisions of the Teacher Tenure Law and is not entitled to its protection. Plaintiff states that since the School Code does not have a provision applying specifically to the discharge of a superintendent or principal, the reasonable conclusion is that the legislature intended that the discharge of a superintendent or principal should be covered by the same provisions as those which provide for the discharge of a teacher. The word "teacher" according to sec. 24–2 of the Teacher Tenure Law (par. 24–2, ch. 122, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 123.1125]) "means any or all school district employees regularly required to be certified under laws relating to the certification of teachers." Plaintiff argues that this definition, considered in connection with other provisions of the Act, covers principals. The law governing teacher certification in Cook county is found in sec. 3–44 of the School Code under powers of the County Superintendent of Schools [Ill. Rev. Stat. 1949, ch. 122, par. 3–44; Jones Ill. Stats. Ann. 123.684] and reads:

"To grant certificates of qualification to teach to such persons as may be qualified to receive them, and to keep a record of all teachers to whom certificates have been granted, and of all teachers employed in his county."

Sec. 24–2 of the School Code provides:
"Any teacher who has been employed in any district as a full-time teacher for a probationary period of two consecutive years shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least sixty days before the end of such period."

146

Sec. 21–1 of the School Code [Ill. Rev. Stat. 1949, ch. 122, par. 21–1; Jones Ill. Stats. Ann. 123.1087] provides:

"No one shall teach in the public schools nor receive for teaching any part of any public school fund, who does not hold a certificate of qualification granted by the Superintendent of Public Instruction or by the State Examining Board and a county superintendent of schools as hereinafter provided, or by the board of education of a city having a population exceeding 500,000 inhabitants."

Sec. 7–11 of the School Code [Ill. Rev. Stat. 1949, ch. 122, par. 7–11; Jones Ill. Stats. Ann. 123.841] states one of the powers of the board of education in districts having a population of not fewer than 1,000 and not more than 500,000 as follows:

"To employ a superintendent, and in the case of a high school board a principal, who shall have charge of the administration of the schools under the direction of the board of education. In addition to the administrative duties, the superintendent or the principal shall make recommendations to the board concerning the budget, building plans, the location of sites, the selection of teachers and other employees, the selection of textbooks, instructional material and courses of study. The superintendent or the principal shall assist in keeping the records and accounts of the board, aid in making reports required of the board, and perform such other duties as the board may delegate to him."

When sec. 3–44, which mentions only teachers, is read alongside of sec. 7–11, which mentions only principals and superintendents, it is evident that the terms are intended to be mutually exclusive. The employment of plaintiff by the board is pursuant to the provisions of sec. 7–11. This is a specific provision covering the employment of a superintendent or prin-

cipal and applies as against a general provision for the employment of teachers. Sec. 7–11 makes the principal of a high school district the executive officer of the board. As such he is an administrator and not a teacher. The purpose of his employment is to carry out the administrative and executive functions of the board. The Teacher Tenure Law creates a new liability on the part of school boards and as such it should be construed strictly in favor of the board. *Anderson v. Board of Education*, 390 Ill. 412. In *Eelkema v. Board of Education*, 215 Minn. 590, 11 N. W. (2d) 76, in discussing the Minnesota Tenure Law, the court said (595):

"The character of the services of a superintendent of schools to the district and of his relations to the board is such that it should require a clear declaration of legislative intent to bring him within the continuous employment effected by the tenure act."

In *School City of Peru v. State ex rel. Youngblood*, 212 Ind. 255, 7 N. E. (2d) 176, 1002, 9 N. E. (2d) 80, in coming to the conclusion that under the Indiana law superintendents were covered by the tenure law of that State, the Supreme Court pointed out that the definition of teacher given in the Act included "superintendents of schools, cities and towns." Judge TREANOR filed a dissenting opinion in which he commented on the tenure law as applied to superintendents. He said (274):

"If the foregoing provision had not been used, and if only the term 'teacher' had been used, it reasonably could be urged that supervising and administrative employees of the public school system would not be protected by the tenure provision of the Act. Such a contention would be supported by the well-known fact, of which courts have judicial knowledge, that both in law and in administrative practice, superin-

tendents, supervisors, principals and teachers constitute distinct classes of public school employees.''

The General Assembly understood clearly the distinction between principals and teachers and in the enactments expressed that distinction. Sec. 34–87 of the School Code [Ill. Rev. Stat. 1949, ch. 122, par. 34–87; Jones Ill. Stats. Ann. 123.1448], applying to the Board of Education of Chicago, provides that the appointment and promotion of teachers, principals and all other educational employees shall be made for merit only, and after satisfactory service for a probationary period of three years; that when any teacher or principal who has been promoted to the position of assistant or district superintendent or a member of the board of examiners is relieved of the duties of such position, he shall be reinstated in the position from which he was promoted. In that section the words ''teachers and principals'' are defined as ''all members of the teaching force except the superintendent of schools, assistant and district superintendents and members of the board of examiners.'' Sec. 34–88 provides that no teacher or principal appointed by the board of education (of Chicago) shall (after serving the probationary period of three years specified in sec. 34–87) be removed except for cause, and then only by a vote of the majority of all members of the board upon written charges presented by the superintendent of schools, to be heard by the board or a duly authorized committee thereof after thirty days' notice. We are of the opinion that under the provisions of the School Code applying to the high school district involved in the instant case that plaintiff as a principal or superintendent of the Community High School District is not employed under the provisions of the Teacher Tenure Law and is not entitled to its protection.

149

Plaintiff asserts that it is common knowledge that the principal of any school is at times required to teach and that under sec. 21–1 he could not teach nor be paid for the time spent in teaching unless he had a certificate. It is clear that a person is not permitted to teach in the public schools or receive for teaching any part of any public school fund who does not hold a certificate of qualification. Plaintiff does not allege that he teaches or is employed as a teacher. Both parties discuss the case of *Betebenner v. Board of Education*, 336 Ill. App. 448, and state that in that case plaintiff was employed as a principal. The opinion states that he was employed as a full time teacher for the West Salem Community High School. In that case plaintiff who was discharged followed the procedure in the School Code. An appeals committee appointed by the county superintendent of schools reversed the decision of the school board. The board then filed its petition in the circuit court to review that decision. The Appellate Court held that at the time of the attempted dismissal Betebenner was on contractual continued service or tenure under the provisions of the Teacher Tenure Law. The question presented by the record in this case was not raised in the *Betebenner* case and is not authority for the proposition that a principal is under the Teacher Tenure Law. Plaintiff states that it is significant that the board admitted that plaintiff is on contractual continued service or under tenure and that the charges made by the board against him were all made in accordance with the Teacher Tenure Law. He calls attention to the fact that the last paragraph of the school board's resolution dismissing him as principal or superintendent-principal provides that the president of the board "be and is hereby ordered and directed to give or cause to be given, written notice of the charges and of this resolution by serving true

150

copies'' on him, and that he be further notified that he is entitled to a hearing on the charges and dismissal by filing within ten days after the service of notice upon him, of a request in writing for such hearing with the secretary or president of the board. Plaintiff also urges that in view of the procedure followed by defendants there can be no question that plaintiff is on tenure. As the tenure Act does not apply to plaintiff in his capacity as superintendent-principal, the fact that defendants followed the procedure outlined in that Act could not put him under the provisions of the Act. Furthermore, the granting of a hearing to plaintiff is equally consonant with the recognition by the board that plaintiff should have a hearing under the law as it stood before the adoption of the Teacher Tenure Law. See *Hartmann v. Board of Education,* 356 Ill. 577; *Bowden v. Board of Education,* 264 Ill. App. 1; and *Betebenner v. Board of Education,* 336 Ill. App. 448. Nothing in the charges or the resolution dismissing plaintiff constitutes an admission that he is under tenure. There is no allegation that plaintiff ever did any teaching in the defendants' school district. These charges are also in accordance with secs. 6–36 and 7–13 of the School Code [Ill. Rev. Stat. 1949, ch. 122, pars. 6–36 and 7–13; Jones Ill. Stats. Ann. 123.810 and 123.843].

Even though plaintiff should be deemed to be within the Teacher Tenure Law, he is not entitled to relief in a court of equity because he has an adequate remedy at law. A person under the law must be given a notice of dismissal which cannot be effective for at least sixty days; he must be furnished with specific charges; he has a right to demand a public hearing and be represented at the hearing by counsel; the board is required to subpoena witnesses to testify in his behalf; a complete record is made of the hearing; and the final decision of the board is not effective

151

if a hearing is demanded until approved by a majority of the entire board. A teacher dissatisfied with the decision of the board may appeal to the county superintendent of schools, who appoints an appeal committee of three persons, none of whom are residents of the school district involved. One must be a teacher, one a school board member and the third, neither a school teacher nor a school board member. The provisions of the administrative review Act apply to and govern all proceedings for the judicial review of final administrative decisions of the appeal committee. In our opinion the remedy provided by the Teacher Tenure Law is full and adequate. The procedure was used by Mr. Betebenner in his controversy with the board of education of the West Salem Community High School hereinbefore mentioned. In *People ex rel. Templeton v. Board of Education,* 337 Ill. App. 652, (abst.) we held that the remedies of mandamus and certiorari are available to teachers where the board has failed to follow the tenure law. The cases of *Board of Education v. Mulcahy,* 50 Cal. App. (2d) 418, 123 P. (2d) 114, and *Fresno City High School Dist. v. Dillon,* 34 Cal. App. (2d) 636, 94 P. (2d) 86, cited by plaintiff, are not authority for the proposition that he does not have an adequate remedy at law. The California School Code requires a trial by a court if a hearing is demanded and gives the board no right to hold a hearing. These cases are not applicable to the situation presented by the record in the instant case. We agree with defendants that it is within the discretionary power of the board to determine whether the causes for dismissal, under the provisions of sec. 24.3 of the School Code were remediable. This is a direction to the board and involved the exercise of judgment. A court of equity does not have the power to override the judgment of the board that the causes were not remediable. Plaintiff cites the same Califor-

nia cases previously mentioned in support of the proposition that the chancellor had the right to enjoin the defendants because a remediable notice was not served. The California cases were based on a statute which provided for a remediable notice of ninety days in all cases. The language of the statute was mandatory. The notice to be given was not reserved for cases where the board may deem the cause to be remediable. The California statute also makes court action on the charges mandatory. These cases are not in point. No remediable notice was involved in the *Betebenner* case cited by plaintiffs on this point. The case of *Kalman v. Walsh,* 355 Ill. 341, also cited by plaintiffs, did not involve the tenure law. It holds that sec. 7 of the Dental Surgery Act [Ill. Rev. Stat. 1949, ch. 91, par. 62; Jones Ill. Stats. Ann. 39.08] makes provision for the revocation of a license to practice dentistry, and that the Act had not been complied with in that case.

Plaintiff's complaint, as amended, did not present a case for equitable relief and it was error to enter the order for the injunction. Therefore, that part of the order entered on October 25, 1949, enjoining and restraining the defendants is reversed.

*Order reversed.*

Lewe, P. J., and Kiley, J., concur.