**Erma W. McNely, Executrix of Will of Earl J. McNely, Deceased, Plaintiff-Appellee, v. Board of Education of Community Unit School District No. 7, Macoupin County, Illinois, Defendant-Appellant.**

### Gen. No. 9,968.

Third District.

February 18, 1955.

Rehearing denied March 29, 1955.

Released for publication March 29, 1955.

D. A. McGrady, of Gillespie, for appellant.

A. G. Whitehouse, of Gillespie, and Hemphill & Kelsey, of Carlinville, for appellee.

MR. PRESIDING JUSTICE CARROLL delivered the opinion of the court.

Plaintiff, as executrix of the will of Earl J. McNely, deceased, brought suit in the circuit court of Macoupin county to recover damages for the alleged wrongful dismissal of decedent as a teacher and superintendent of Community Unit School District No. 7 in said county.

The complaint in substance alleges that on July 1, 1948, the decedent was employed by the defendant as superintendent and teacher for the school term beginning July 1, 1948, at an annual salary of $5,400, payable in 12 equal installments; that said employment contract was in writing and dated September 13, 1948; that on March 28, 1949, decedent was again employed by the defendant for the school term beginning September 1, 1949. His employment was evidenced by a written contract dated August 24, 1949, containing the same provisions as found in the previous agreement; that decedent, pursuant to said contracts, served as superintendent of and as a teacher in said school; that on April 25, 1951, the defendant wrongfully and without just cause discharged decedent and prevented him from performing under the said contract, although he was willing and ready to so do; that upon termination of the second contract the decedent entered upon contractual continued service under provisions of the Teacher Tenure Law and was entitled to continued employment by defendant; that for the period from July 1, 1951 until decedent's death on July 3, 1952, he would have been entitled to receive the salary of $5,400 as provided in the last written contract.

The two written contracts referred to, which are set out in full in the complaint, are apparently on forms adapted for use in preparing teachers employment con-

85

tracts so that the same may comply with the Teacher Tenure Law. Decedent is referred to in the written contracts as a legally qualified teacher.

Since the pleadings do not appear to be related to the basic question here involved, further reference to the same is unnecessary other than to observe that the issues were joined.

A jury trial resulted in a verdict for defendant. The plaintiff moved for judgment notwithstanding a verdict, or, in the alternative, for a new trial. The court allowed both motions and entered judgment for the plaintiff in the amount of $4,900. From this judgment defendant appeals.

The principal proposition which the defendant relies upon for reversal is that the decedent was employed as a superintendent of schools and not as a teacher and therefore his employment contract did not come within the provisions of the Teacher Tenure Law. Disputing this contention the plaintiff argues that it was the intention of the legislature to include superintendents of schools within the classification of "teacher" under the Tenure Act. Plaintiff further contends that since, in the instant case, the decedent was employed under a contract expressly providing that employment thereunder was subject to the Tenure Act, the defendant elected to bring decedent within its provisions.

The record shows that at a meeting of the board of education of the defendant's district, it was determined to eliminate the job of superintendent of the district and that decedent should be notified in writing that said position was being discontinued and his services terminated for reasons of economy and for the good of the school district. The record further shows that a letter was sent to the decedent informing him of the action of said board. It is evident from the procedure followed by the defendant in discharging the decedent that it regarded him as being a superintendent of

schools and not a teacher within the provisions of the Tenure Act.

Determination as to whether the Teacher Tenure Act applies to a superintendent of schools is dependent upon the intent of the legislature as expressed in the Act.

Section 24–2 of the school code [Ill. Rev. Stats. 1953, ch. 122, § 24—2; Jones Ill. Stats. Ann. 123.1125] provides as follows:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of two consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least sixty days before the end of such period."

The above section defines "teacher" as follows:

". . . 'teacher' means any or all school district employees regularly required to be certified under laws relating to the certification of teachers. . . ."

Section 24–3 of the school code [Ill. Rev. Stats. 1953, ch. 122, § 24—3; Jones Ill. Stats. Ann. 123.1126] details the method to be pursued by a board of education in dismissing or removing teachers in contractual continued service and provides that where removal or dismissal results from a decision of the board to decrease the number of teachers employed or to discontinue some particular type of teaching service, notice shall be given at least 60 days before the end of the school term.

It is to be noted that this section makes no reference to superintendents but is specifically confined to teachers.

It is the apparent theory of the plaintiff that since the decedent was dismissed because his position or office was abolished, he was entitled to the same 60-day notice which is required to be given to a dismissed

teacher who is under contractual continued service. To sustain such a theory would require expansion of the application of this section of the Tenure Act beyond its clearly expressed limitations.

In considering the foregoing sections of the school code, it is to be borne in mind that the Teacher Tenure Law casts a new liability upon school boards and therefore should be construed strictly in favor of the board. Anderson v. Board of Education, 390 Ill. 412. It follows, therefore, that if there is a distinction made by the school code between a teacher and a superintendent, such a distinction must be recognized. Under section 7–8 of the school code [Ill. Rev. Stats. 1953, ch. 122, § 7—8; Jones Ill. Stats. Ann. 123.838], boards of education are empowered to employ teachers and fix the amount of their salaries. The power of a board of education to employ a superintendent of schools is found in section 7–11 of the school code [Ill. Rev. Stats. 1953, ch. 122, § 7—11; Jones Ill. Stats. Ann. 123.841] and provides as follows:

"To employ a superintendent, and in the case of a high school board a principal, who shall have charge of the administration of the schools under the direction of the board of education. In addition to the administrative duties, the superintendent or the principal shall make recommendations to the board concerning the budget, building plans, the location of sites, the selection of teachers and other employees, the selection of textbooks, instructional material and courses of study. The superintendent or the principal shall assist in keeping the records and accounts of the board, aid in making reports required of the board, and perform such other duties as the board may delegate to him."

The presence of the foregoing section in the school code specifically providing for the employment of a superintendent and defining his duties and relationship

to the board seems to clearly indicate an intention on the part of the legislature to exclude superintendents from the general provisions applying to the employment of teachers.

We find no definition of the word "teacher" in the Tenure Law itself suggesting a legislative intent to abolish the distinction between teachers and superintendents as found in the code. Section 24–2, to which we have heretofore referred, contains this provision:

"This section and succeeding sections do not modify any existing power of the board except with respect to the procedure of the discharge of a teacher and reductions in salary as hereinafter provided."

Such provision seems to further support defendant's argument that a superintendent is not employed under the provisions of the Teacher Tenure Law and cannot invoke its protection.

In the case of Biehn v. Tess, 340 Ill. App. 140, the court reviewed at considerable length the law pertaining to the distinction made between teachers and superintendents and referred to numerous decisions by courts of other jurisdictions, among which is the case of Eelkema v. Board of Education, 215 Minn. 590, 11 N.W.2d 76, wherein the court said:

"The character of the services of a superintendent of schools to the district and of his relations to the board is such that it should require a clear declaration of legislative intent to bring him within the continuous employment effected by the tenure act."

In the Biehn v. Tess case, supra, the court dealt with the same question as is involved in the instant appeal and held that the legislature in enacting the Teacher Tenure Law recognized a clear distinction between principals and teachers and expressed such distinction in the Act.

We believe the rule announced by the court in the Biehn case is applicable to the facts presented in the

record under consideration in the instant case. In view of the foregoing we are of the opinion that the judgment of the trial court should be reversed.

Reversed.