C. David Pearson, Plaintiff-Appellant, v. Board of Education, Community Unit School District No. 5, Macoupin County, Illinois, Defendant-Appellee.

Gen. No. 10,082.

Third District.

December 3, 1956.

Released for publication December 19, 1956.

D. A. McGrady, of Gillespie, for plaintiff-appellant.

Elmer H. Droste, of Mount Olive, and Rinaker, Smith & Hebron, of Carlinville, for defendant-appellee.

JUDGE ROETH delivered the opinion of the court.

On October 18, 1954 plaintiff filed a suit to recover damages in an amount claimed to be due him for salary as a teacher for defendant school district. By an amended complaint filed December 18, 1954 he alleged in substance, that he had been employed in the school system of defendant for the prior eight years and was entitled to continuous employment and the benefit of the Teachers Tenure Law; that in May 1954

the defendant school district entered into a written contract with him by the terms of which he was employed for a period of 9 school months commencing on September 1, 1954 at a salary of $4050; that on September 4, 1954, the defendant, without just cause and for reasons not authorized by the written contract, gave him notice that it had, on September 3, 1954, by unanimous vote, suspended him until November 4, 1954, on which date he would be discharged, and that such suspension and discharge was the result of the following:

"1. It is the opinion of the members of the Board of Education of Community Unit School District No. 5 that the suspension and discharge become effective because the best interests of the schools require it.

"2. Due to your uncontrollable temper you fail to have proper co-operation with the administrators, your fellow teachers and the students of Community Unit School District No. 5 High School.

"The State law provides that the salary of a teacher is not paid when he or she has been suspended and dismissed.";

that said action was wrongful, illegal and in violation of his contract; that under the terms of his written contract, he was not subject to discharge except for incompetency, cruelty, negligence, immorality or violation of the stipulations of the contract, and that none of said reasons are recited in the notice of discharge; that he has been unable to obtain other employment; by reason of which he was entitled to recover the sum of $4050, the amount of his salary as specified in his contract.

To this amended complaint, defendant filed an answer admitting the prior employment and that plaintiff was entitled to the benefits of the Teachers Tenure Law; admitting the execution of the contract; admitting the notice of suspension and discharge;

71

denying that the contract entitled plaintiff to rights over and above the Teachers Tenure Law; denying that plaintiff's discharge was without just cause and not authorized; and denying other allegations, not here material. Defendant also filed three special pleas. These special pleas, while couched in varying language, in substance allege that at the time of filing this suit, plaintiff was pursuing his remedies under the Teachers Tenure Law and could not, therefore, maintain this action until final termination of those proceedings. Plaintiff then filed a reply to these special pleas, which does not deny the pendency of proceedings under the Teachers Tenure Law but which does deny that as a matter of law he was barred from proceeding with this suit until final termination of the proceedings under the Teachers Tenure Law. Defendant then moved to strike the reply of plaintiff to the special pleas and for judgment on the pleadings, and plaintiff countered with a motion to strike the special pleas. Both motions were denied by the court.

In this state of the pleadings the case was tried without a jury. Plaintiff was the only witness who testified. He was not cross examined and thereupon plaintiff rested. The record shows, that in support of defendant's special pleas, defendant offered in evidence the records and files in the Administrative Review Proceedings between plaintiff and defendant. A stipulation was entered into, by which it was agreed, that there was incorporated in the evidence, the record of a certain suit heretofore heard and determined by the court, the original transcript of which was pending on appeal in this court. It was further stipulated that said transcript could be considered by the court in this cause. The transcript mentioned, is the one involved in the case of C. David Pearson v. Board of Education, Community Unit School District No. 5, Macoupin County, Illinois, General No. 10051, pending in this

court. From the transcript aforesaid, it appears, that after receipt of notice of discharge, plaintiff requested a bill of particulars and hearing pursuant to the provisions of Sec. 24—3 of the School Code, Chap. 122, Illinois Revised Statutes, 1953. Upon a full public hearing the original action of defendant was approved unanimously; upon appeal to the Circuit Court the decision of the defendant was affirmed; and at the time of this trial, an appeal had been perfected to this court from the decision of the Circuit Court. The trial court thereupon entered an order finding that plaintiff was pursuing his remedies under the Teachers Tenure Law; that said law provides a full and adequate remedy to plaintiff and that the Circuit Court was without jurisdiction to entertain or consider this suit on the contract until final determination of the proceedings under the Teachers Tenure Law. The trial court's order then adjudged that plaintiff take nothing by his suit and pay the costs thereof. From this order plaintiff has perfected this appeal.

Basically the question here involved is whether a teacher who has been given notice of discharge for cause and who has requested a hearing under the provisions of Sec. 24—3 of the School Code, Chapter 122, Illinois Revised Statutes, may sue for alleged breach of contract while the hearing on the charges is still pending and not finally adjudicated.

Plaintiff places great stress on the so called written contract of May 1954. The effect of the Teachers Tenure Law is to create a contract by operation of law. Anderson v. Board of Education of School Dist. No. 91, 390 Ill. 412, 61 N.E.2d 562. When a teacher has attained tenure status no written contract is necessary. The function of the contract in question, in our opinion, is to designate the salary of plaintiff and the period during which he will teach. It would appear from the allegations of plaintiff's amended complaint

73

that plaintiff contends that his discharge was wrongful because it was not for one of the causes set out in the written contract. The case of Hartmann v. Board of Education of Westville Tp. High School Dist. No. 220, 356 Ill. 577, 191 N. E. 279, is authority to the contrary. In that case the court had before it a written contract containing the identical language as contained in the written contract relied on by plaintiff. It was there held that the causes for discharge set out in the written contract were referable to the provisions of Sec. 6—36 of the School Code, Chapter 122, Illinois Revised Statutes, then Sec. 115 of the School Code, which provided the same specific causes of removal and that the provisions of Sec. 7—16, then Sec. 127 of the School Code, had to be read into the written contract.

Plaintiff places great reliance upon McNely, Exrx. v. Board of Education, 9 Ill.2d 143, 137 N.E.2d 63, where a recovery in a contract action was affirmed by the Supreme Court. Aside from the primary question of whether superintendents were included in the Teachers Tenure Law, the court held in this case that the superintendent had attained tenure status and therefore had a contract by operation of law. The discharge in the McNely, Exrx. case, supra, was not a discharge for cause. The discharge was bottomed solely on the elimination and discontinuance of the job of superintendent which job was not in fact eliminated. The essence of the court's holding is that, having dismissed the superintendent on the ground of abolition of his job, when in fact the job was not abolished, his dismissal was wrongful and having a contract by operation of law under the Teachers Tenure Law, he was entitled to sue and recover damages for breach of that contract. One of the defenses raised in the case, was that plaintiff was barred from recovery because he did not seek review of the action of the board of education in accordance with the provisions of the Teachers Tenure Law. The court held .

that such was not necessary in view of the character of his attempted discharge. However the court did observe in this connection:

"If the dismissal is for cause, then the cause must be stated and the pertinent provisions of this section must be met relative to notice and hearing, and review of the decision of the board is under the Administrative Review Act, as provided for in section 24–8 of the School Code."

This case does not support plaintiff's contention that he may sue in contract while the discharge proceedings are still pending.

By the provisions of Sec. 24—3 and 24—8 of the School Code, Chap. 122, Illinois Revised Statutes, 1953 an elaborate procedure is set up for testing the validity of the discharge of a teacher where that discharge is allegedly for cause. The courts of this state have consistently held that the remedy thus afforded to a teacher is full, complete and adequate. Biehn v. Tess, 340 Ill. App. 140, 91 N.E.2d 160, Eveland v. Board of Education, 340 Ill. App. 308, 92 N.E.2d 182, Betebenner v. Board of Education, 336 Ill. App. 448, 84 N.E.2d 569. In the last cited case the court expressly held that the teacher would not have been entitled to the writ of mandamus, the awarding of which was affirmed, as long as the proceedings to dismiss him were pending.

■ We conclude that the statute provides a method for determining whether the dismissal of a teacher for cause was wrongful. If a teacher has exercised his right to a hearing as provided by statute, he cannot maintain an action at law for damages as long as the proceedings are pending and not finally adjudicated. When it is finally determined that no cause existed he may maintain an action for recovery of damages sustained by him as a result thereof. If, upon hearing, it is finally determined that cause for

75

dismissal did exist then his contract rights are at an end.

The findings of the trial court in its judgment order were substantially correct. However the court then entered what amounts to a judgment on the merits. We are of the opinion that this was error. Upon the findings made the order should have been a dismissal of the suit without prejudice. Accordingly the judgment of the trial court is reversed with directions to vacate that part of the judgment order, ordering that plaintiff take nothing by his suit, and to enter an order dismissing plaintiff's suit without prejudice at plaintiff's costs.

Reversed and remanded with directions.