THE STATE, EX REL. SALTSMAN, *v.* BURTON ET AL., MAHONING COUNTY BOARD OF EDUCATION.

272

(No. 3445—Decided October 16, 1951.)

*Mr. Clyde W. Osborne, Sr.,* for relator.
*Mr. William A. Ambrose,* prosecuting attorney, and
*Mr. Harold H. Hull,* for respondents.

GRIFFITH, J.   The relator, Edward Saltsman, holds a teacher's life certificate.   He has been under contract with the Board of Education of Mahoning County as county superintendent of schools since November 1, 1945, by virtue of two separate contracts; one for the period from November 1, 1945, to August 1, 1948, and the second for a two-year period from August 1, 1948, to August 1, 1950.   Prior to this, he had held a permanent certificate entitling him to serve as a county, city or exempted village superintendent of schools or teacher in the schools of Ohio. He had been superintendent of schools for Carroll county from August 1, 1938, until he came to Mahoning county.

On March 8, 1950, the board determined to not rehire him.   He challenged the board's action, claiming that he had a continuing contract by virtue of the Teachers' Tenure Act.   (Section 4842 *et seq.,* General Code.)   On November 22, 1950, the Supreme Court of

Ohio held that the county board had the power to terminate the services of the county superintendent of schools in such position at the completion of his term on August 1, 1950, as hired, despite the existence of a continuing contract. See *State, ex rel. Saltsman, v. Burton,* 154 Ohio St., 262, 95 N. E. (2d), 377.

The relator now contends that he still retains the right, under his certificate and employment by the county board, to a continuing form of teacher's contract. By agreement of the parties, it is shown that there was a position described as "Elementary Supervisor" in the county school system; that Dorothy Harding had held this position until 1948, when she resigned; and that the position has been vacant since that time.

Section 4842-9, General Code, reads, in part, as follows:

"* * * A teacher employed as superintendent may be transferred to another position by a majority vote of the board of education. In no event shall the salary of any teacher so transferred be fixed at a rate lower than the highest paid in the district for the type of position to other teachers with similar training and experience."

The terms, "teacher" and "superintendent," are not interchangeable. The positions of county superintendent of schools and county elementary supervisor are administrative positions. Neither is a teaching position. It was the intent of the Legislature that the term, "teacher," should mean classroom teacher.

Teachers are not to be confused with administrative officers, the former being employed by local boards of education as distinguished from county boards of education, which latter are without authority to employ teachers.

Section 4842, General Code, provides in part:

"Such superintendent shall be the executive officer for the board of education, direct and assign teachers and other employees of the schools under his supervision * * * to the proper schools and grades * * *."

The authority of county boards of education is limited to the employing of executive or administrative officers, superintendents, assistant superintendents, elementary supervisors, etc., and they may hire such employees even though they do not hold certificates to teach as provided by Section 4857-1, General Code.

The relator is seeking a writ of mandamus to require the county board of education to enter into a continuing contract with him for the position of elementary supervisor in the Mahoning county school system. This requires him to show that he has a clear legal right to that position and squarely raises the question whether, under the law of Ohio, the county board is compelled to give the relator a continuing contract as elementary supervisor of county schools.

The respondents, or their predecessors in office, created the position of elementary supervisor which was occupied for a period of time but has been vacant since 1948. Is there a mandatory duty on the part of the respondents to fill this vacancy? May the board permit this position to remain vacant indefinitely?

The relator claims that it is the duty and responsibility of the board to fill the vacancy, and that he is well qualified for and entitled to the position. To hold that a county board of education having once established the position of elementary supervisor must at all times continue to have that position filled, regardless of the needs or circumstances of the case, would be neither sound nor just. This position has been va-

cant for a period of at least two years under the relator's tenure as county superintendent, and the board did not see fit to fill it during that period of time or at any time since.

In the case of the *State, ex rel. Frank,* v. *Meigs County Bd. of Edn.,* 140 Ohio St., 381, 44 N. E. (2d), 455, the court said:

"To hold that a county board of education, having once established a position in the county public schools, has no power under the law to abolish it, even though there is a sufficient cause, would, in the opinion of the court, seriously challenge the constitutionality of the law itself."

Permitting a vacancy to continue is an included power of abolishing the office. If the board has power to abolish, it has power to permit the position to remain vacant. The matter of filling that position is a discretionary function of the board. It is not incumbent upon the board to declare the position vacant in order to release the board from the obligation of filling the vacancy. From the fact that the board did create the position of elementary supervisor, it does not follow that the board must keep the position filled.

There is nothing in the Teachers' Tenure Act that would require the board to fill this vacancy in order to provide a position for the relator. That act is a civil service law to protect teachers who are qualified in the teaching profession. It was not enacted for the protection of executive or administrative officials in the school system.

The relator is seeking a writ of mandamus to require the board of education to enter into a continuing contract with him for a special position in the school system and to this application a demurrer was filed.

"Mandamus is a writ commanding a public board or official to perform an act which the law specially enjoins as a duty resulting from an office, trust or

station, and will issue only when it is clearly shown that there is a plain dereliction of such duty." *State, ex rel. Van Harlingen,* v. *Board of Education,* 104 Ohio St., 360, 136 N. E., 396.

Can it be said that the respondents are guilty of a dereliction of duty in failing to fill this vacancy? We know of no authority, statutory or otherwise, requiring them to fill such vacancy.

The relator, during the years 1948, 1949, and most of 1950, was the superintendent of such system, and for aught the record shows he functioned very well, as did also the system, with this vacancy existing. The mere fact that the board failed to formally abolish the office is of no concern. The board had full authority to permit such vacancy to continue. It alone could hire and appoint, and it did not see fit to fill the vacancy created by the resignation of Dorothy Harding in 1948.

We do not believe it was necessary for the county board to repeal the motion or resolution creating this office of elementary supervisor. It was not necessary for the board formally to abolish such position. Apparently, it did not, in its discretion, desire to do so. It is possible that sometime the board may wish to make use of this office again, but it is not incumbent upon the board to repeal the action the board had heretofore taken or keep the office filled at all times.

The relator has failed to state facts showing there is a plain dereliction of duty by the board, or that he has a plain legal right to the position. The demurrer to the petition must therefore be and is sustained, and, the relator not desiring to plead further, the writ is denied.

*Writ denied.*

Nichols, P. J., and Phillips, J., concur.