### 33870. TAYLOR v. DAVIS et al.

NICHOLS, Chief Justice.

Taylor appeals from the denial of the injunctive relief he sought.

Taylor is the superintendent of schools of the municipal independent school system of the City of Jefferson. The Georgia Association of Educators (GAE) filed a complaint against him before the Professional Practices Commission of Georgia (PPC) pursuant to rules and regulations promulgated by the PPC. The complaint alleged unprofessional conduct on his part in several particulars. He answered, denying the charges of unprofessional conduct and challenging on constitutional and statutory grounds the right of the PPC to proceed against him. The hearing examiner ruled against Taylor's statutory challenges and ruled that he was

without jurisdiction to consider Taylor's constitutional challenges. Taylor thereafter sought injunctive relief in the Superior Court of Franklin County. He appeals the judgment of that court rejecting his challenges and denying injunctive relief against further proceedings against him by the PPC.

The threshold question presented by Taylor on appeal provides the basis upon which this court must reverse the judgment of the trial court. Taylor contends, and this court holds, that members of the teaching profession who are serving as superintendents of schools are not "teachers" within the meaning of Code Ann. § 32-839 (5) (b) as a result of their service as superintendents, and, hence, are not such persons in respect to whom the PPC may make recommendations to local boards of education or the State Board of Education pursuant to Paragraphs (5) (b) and (6) (a) of Code Ann. § 32-839, after conducting public hearings as to alleged violations of the standards and ethics of the profession.

In 1967, the General Assembly enacted the Professional Teaching Practices Act for the stated purposes of declaring teaching to be a profession and establishing a professional practices commission which would adopt codes or standards of ethics for the teaching profession and make recommendations to the various boards of education concerning violations of these codes or standards. Ga. L. 1967, p. 840. The Act has been amended and may be found, together with its amendments, in Code Ann. §§ 32-838 through 32-842. Neither the 1967 Act nor any of the amendatory Acts contains a definition of the terms "teaching," "practice of teaching," "teacher," or similar terms as used therein. The General Assembly explicitly has declared that "the practice of teaching, including administrative and supervisory services, shall be designated as professional services," Code Ann. § 32-838, and that the provisions of this law "other than the declaration that teaching is a professional service, shall not be construed as applicable to those members of the profession not serving in the public school systems." Code Ann. § 32-842. Superintendents of schools are listed among the various groups constituting "the teaching profession" who shall nominate the persons who serve as

members of the PPC. Code Ann. § 32-839 (2) (3).

Taylor contends that the PPC may not proceed against him as a superintendent of schools because he is not a "teacher" within the meaning of Code Ann. § 32-839 (5) (b), which states, in explicit language, that "the commission shall have the power to recommend action in cases of violation of the standards of professional practice, as established by it, for all teachers . . ." That section further gives the PPC "power to compel the attendance of any teacher against whom a sworn complaint has been filed at any hearing of the commission . . ." The word "teacher," as used in the amended Act, is not specially defined for purposes of the Act so as to include superintendents of schools. Absent such a special statutory definition, the word "teacher" does not include a superintendent of schools. Seyfang v. Bd. of Tr. of Washakie County School Dist. (Wyo.) 563 P2d 1376; State v. Ireland, 114 Mont. 488 (138 P2d 569); Eelkema v. Bd. of Ed. of Duluth (Minn.) 11 NW2d 76; Jensen v. Independent Consol. School Dist. (Minn.) 199 N.W. 911; McLaughlin v. Bd. of Ed. of Dearborn, 255 Mich. 667 (239 NW 374); Biehn v. Tess, 340 I11. App. 140 (91 NE2d 160); Irish v. Collins (R.I.) 107 A2d 455; State v. Burton, 91 Ohio App. 271 (108 NE2d 110); Bd. of Ed. of Minneapolis v. Sand (Minn.) 34 NW2d 689.

The PPC contends that superintendents of schools are covered by the provisions of the Act pertaining to findings by the PPC of violations of the codes and standards of the teaching profession and recommendations by the PPC to the various boards of education based upon such violations because the General Assembly defined "professional services" as the "practice of teaching, including administrative and supervisory services." Code Ann. § 32-838. However, the term "professional services" is not otherwise employed in the Act as amended and the reference to "administrative and supervisory services" does not explicitly include, or pertain to, superintendents of schools. These terms have another and more reasonable meaning. By stating that "the practice of teaching, including administrative and supervisory services, shall be designated as professional services," the General Assembly meant to include within

the ambit of the Act not only the teaching activities of "teachers" but their administrative and supervisory activities as well. Code Ann. §§ 32-838, 32-839 (5) (b). This is to say that the secondary or nonteaching activities of "teachers"—that is, their administrative and supervisory duties—are as much the proper subject of standards and codes of professional ethics as are their primary activities—that is, their teaching of their students. The language of Code Ann. § 32-838 in no way suggests that the General Assembly intended to include superintendents of schools within the ethics enforcement provisions. of Code Ann. § 32-839, that are applicable to "teachers." Expressio unius exclusio alterius. *City of Macon v. Walker,* 204 Ga. 810, 814 (51 SE2d 633) (1949).

The trial court erred in holding that the ethics enforcement machinery of Code Ann. § 32-839 (5) (b) was applicable to Superintendent Taylor.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED NOVEMBER 9, 1978.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellant.

*Haas, Holland, Levison & Gibert, Theodore G. Frankel, Arthur K. Bolton, Attorney General, Linda Birrell, Staff Assistant Attorney General, David Dunham,* for appellees.