## 63649. PORTER v. CALHOUN COUNTY.

SOGNIER, Judge.

Calhoun County, Georgia filed a petition for declaratory relief against Charles B. Porter, the Probate Judge of Calhoun County. Porter was also appointed Custodian of Vital Records for Calhoun County and as such collects fees for handling vital records. On October 1, 1980 Porter began withholding fees collected by him as Custodian of Vital Records. The county sought to have the fees declared the property of the county. Porter counterclaimed, seeking to recover the fees collected from November 19, 1978 (the date of his appointment as Custodian of Vital Records) until October 1, 1980. After a hearing the trial court entered an order declaring that the fees were collected by Porter as Custodian of Vital Records by virtue of his position as Probate Judge; that the fees be remitted to Calhoun County and that Porter's counterclaim be denied. We affirm.

Appellant contends that the trial court erred in declaring that the fees collected by him as Custodian of Vital Records belong to Calhoun County. Appellant argues that he does not collect such fees in his capacity as Probate Judge but rather in a separate capacity as an officer of the state designated by the Commissioner of Human Resources. Appellant points out that because he wears two entirely different hats, there is no conflict in the laws governing compensation of the Probate Judge, Ga. Laws 1971, p. 2914, § 3, and compensation of the Custodian of Vital Records, Code Ann. § 88-1701 et seq.

The trial judge based his decision on Ga. Laws 1971, p. 2914, § 3, a local act which provides: "The ordinary of Calhoun County shall diligently and faithfully undertake to collect all fees, fines, forfeitures, commissions, costs, allowances, penalties, funds, monies and all other emoluments and perquisites formerly allowed as compensation for services *in any capacity in his office,* and shall receive and hold the same in trust for said county as public monies and shall pay the same into the county treasury on or before the 15th day of each month next following the month in which they were collected or received . . ." (Emphasis supplied.)

Section 1 of the local act provides: "The present mode of compensating the ordinary of Calhoun County, known as the fee system is hereby abolished, and in lieu thereof an annual salary for such officer is prescribed . . ." In Chapter 24-17B of the Code, the General Assembly has provided for minimum salaries for judges of the probate courts and additional compensation for judges conducting elections and responsible for traffic cases. Code Ann. § 24-1702b. (This latter code section has been repealed by Acts, 1981, pp. 518, 520, eff. April 1, 1981.) The Constitution of the State of Georgia

(Art. IX, Sec. I, Par. X) provides: "County officers may be on a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law." Code Ann. § 2-5809 (formerly Code Ann. § 2-7902). ". . . [I]t is evident that the General Assembly intended for the compensation of county officers to be fixed from time to time by legislative enactment as circumstances might in its discretion require." *Houlihan v. Saussy,* 206 Ga. 1, 3 (55 SE2d 557) (1949). "In so far as compensation is concerned, the legislature . . . under the existing law, still has the power to either increase or diminish the salary or change the mode of compensation, because the legislature under the constitutional amendment of 1945 [and 1976] retains the power and control over the compensation of county officers which it always held exclusively and has never surrendered." Id., at p. 5. Thus, the act fixing the salary of the Probate Judge of Calhoun County is specially authorized by the Constitution.

On the other hand, Code Ann. §§ 88-1707 (c) and 88-1725 (c) provide for compensation to the local custodian of vital records. As such the special legislation regarding salary for the ordinary [now probate judge] is not in derogation of the general law regarding compensation for custodians of vital records and is not violative of Code Ann. § 2-207 (Art. I, Sec. II, Par. VII) prohibiting enactment of a special law in any case for which provision has been made by an existing general law. The two provisions (special law and general law) deal with entirely different subject matter.

The salary of county officials and specifically probate judges is authorized and provided for by the Constitution and by statute. In this case, the salary of the probate judge of Calhoun County is controlled by Georgia Laws 1971, p. 2914 as quoted above; that is: "All fees . . *formerly allowed* as compensation for services in *any capacity* in his office . . ." (emphasis supplied) shall be paid into the county treasury. The trial judge found as a matter of fact that these fees included fees collected by virtue of the probate judge's appointment as custodian of vital records. Where there is any evidence to support the trial judge's finding of fact, we will not disturb his judgment in this regard. *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419 (241 SE2d 58) (1977); *Azar v. Accurate Const. Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978).

In view of the above ruling, it is not necessary that we address appellant's other enumerations of error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1982 —
REHEARING DENIED JULY 7, 1982 —

*Eugene C. Black, Jr.,* for appellant.
*Willis A. DuVall,* for appellee.