## 38998. PORTER v. CALHOUN COUNTY.

BELL, Justice.

This Court granted certiorari to consider whether Charles Porter, who is both the Probate Judge and Custodian of Vital Records of Calhoun County, is entitled to keep fees paid to him as custodian of vital records, or whether the county is entitled to such fees. *Porter v. Calhoun County,* 162 Ga. App. 839 (293 SE2d 4) (1982).

Charles Porter was elected Probate Judge of Calhoun County on November 28, 1978 and was appointed Custodian of Vital Records for Calhoun County by the Department of Human Resources on November 29, 1978. From his date of appointment until October 1, 1980, Porter paid all fees received in his capacity as custodian of vital records to Calhoun County. After October 1, 1980, Porter began to keep these fees, believing that he personally, and not the county, was entitled to them. The county filed suit to recover the fees and won. The Court of Appeals affirmed. We reverse.

Art. IX, Sec. I, Par. X of the Georgia Constitution (Code Ann. § 2-5809) provides that "County officers may be on a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law." Pursuant to this constitutional authority, the General Assembly enacted a special law placing the Probate Judge of Calhoun County on a salary. Georgia Laws 1971, p. 2914. It provides that the probate judge shall collect "all fees . . . formerly allowed as compensation in any capacity in his office . . ., and pay the same into the county treasury. . . ."

Calhoun County argues that "all fees formerly allowed as compensation" include fees collected by the Probate Judge when acting as local custodian of vital records. In support, it points out that in Calhoun County it is customary for the Probate Judge to serve as custodian and that only since the enactment of Georgia Laws 1971, p. 2914, has the Probate Judge paid fees collected as custodian to the county. Furthermore, the county argues that Porter's appointment as custodian is consistent with this history; indicates he was appointed custodian by virtue of his position as Probate Judge; and

leads to the conclusion that fees paid to him as custodian should be paid to the county.

We disagree with this conclusion for the reason that the authority and compensation of the two offices are established by separate statutes.

First, the Probate Judge of Calhoun County is an elected official whose salary is controlled by Georgia Laws 1971, p. 2914 and OCGA §§ 15-9-63 and 15-9-64 (Code Ann. § 24-1701b). In contrast, the local custodian of vital records was an administrative officer appointed by the Department of Human Resources (the Department). Former Code Ann. § 88-1703 (7).[1] Pursuant to this provision, the Department was authorized to appoint "the judge of the probate court, [an] employee of the county board of health, or other qualified person" to be a local custodian. Id. Because this section authorized the Department to appoint someone other than the Probate Judge, it demonstrates that a local custodian's authority and duties were derived solely by departmental appointment and not by virtue of any county office the custodian might have held. Consequently, fees collected by a Probate Judge for services rendered as a local custodian cannot be said to be fees collected "in his office" as Probate Judge.

Furthermore, the general laws governing local custodians specifically prescribed the method of their compensation. Former Code Ann. §§ 88-1701 (c) and (d) and 88-1725 (c).[2] These sections provided that fees were to be paid directly to the local custodians and not to the counties, except when the local custodian was an employee of the county board of health. Because the expression or designation

---

[1] Georgia Laws 1964, pp. 499, 582 (Former Ga. Code § 88-1703 (7)). Chapter 88-17 of the Georgia Code was repealed by Georgia Laws 1982, pp. 723, 724 (OCGA Chapter 31-10, Code Ann. Ch. 88-17). Compare OCGA § 31-10-4 (Code Ann. § 88-1704), pursuant to which the Department's commissioner appoints a state registrar of vital records, who is authorized under § 31-10-6 (a) (Code Ann. § 88-1706) to appoint local custodians for each county. These "appointees must meet the qualifications and perform the duties required by this chapter and regulations of the department." OCGA § 31-10-6 (a) (Code Ann. § 88-1706). It should be noted that in the instant case former Chapter 88-17 of Georgia Code Ann. will be cited since this case arose prior to its 1982 repeal.

[2] Georgia Laws 1964, pp. 499, 584, 596 (Former Ga. Code §§ 88-1707 (c) & (d) and 88-1725 (c)). See footnote 1 for the history of Chapter 88-17. Compare § 31-10-8 (c) & (d) (Code Ann. § 88-1708), pursuant to which the local custodian shall keep fees except when he is an employee of the county board of health, and OCGA § 31-10-27 (Code Ann. § 88-1727), under which the local custodian shall keep fees "whether he is paid on a fee basis, a salary basis, or a combination of both," except when he is an employee of the county board of health.

of one thing amounts to the exclusion of another, (expressio unius est exclusio alterius) see, Sutherland, Statutory Construction, Vol 2A, § 47.23 (1973); *Taylor v. Davis,* 242 Ga. 528, 531 (250 SE2d 449) (1978), the sole exception of employees of the county board of health from the general rule that local custodians shall keep their fees clearly infers that the General Assembly meant to include other custodians in the general rule, notwithstanding any other offices they might have held. For the above reasons, we find that Porter was entitled to the fees in question.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 16, 1983.

*Eugene C. Black, Jr.,* for appellant.
*Willis A. Duvall,* for appellee.