### 40973. CHARRON v. STATE BOARD OF PARDONS & PAROLES et al.
(319 SE2d 453)

MARSHALL, Presiding Justice.

This complaint was filed by plaintiff Thomas J. Charron, who is the District Attorney of the Cobb Judicial Circuit. Named as defendants are the State Board of Pardons and Paroles, as well as certain named parolees who were convicted in the plaintiff's judicial circuit. In the complaint, the plaintiff alleges that in 1981 the board, without giving 10 days' prior written notice to the plaintiff, granted paroles to the named parolees before they had served one-third of their sentences. The plaintiff complains that this violates OCGA § 42-9-46, and he requests the issuance of a declaratory judgment and injunctive relief. Ruling that § 42-9-46, as well as § 42-9-45 (b), unconstitution-

ally infringe on the powers of the board under the Georgia Constitution, the superior court denied the plaintiff's requests for relief. He appeals. For reasons which follow, we reverse.

This opinion can be most easily divided into: (1) the Georgia law on the subject matter of this suit, (2) the superior court's rulings, and (3) our disposition of this case on appeal. It is necessary to determine the constitutionality of the applicable statutory provisions under the 1976 Georgia Constitution, because it was in effect when the complained-of paroles were granted. It is also necessary to determine the constitutionality of these statutory provisions under the 1983 Constitution, because that now determines the plaintiff's entitlement to his requests for relief.

### Georgia Law.

(a) Under Art. IV, Sec. II, Par. I of the Georgia Constitution of 1976, the board was vested with the "power to grant reprieves, pardons and paroles, to commute penalties, remove disabilities imposed by law, and . . . remit any part of a sentence for any offense against the State, after conviction except in cases of treason or impeachment, and except in cases in which the Governor refuses to suspend a sentence of death . . ." This provision of the 1976 Constitution further required the board to communicate to each Session of the General Assembly "in full detail each case of pardon, parole, commutation, removal of disabilities or remission of sentence granted . . ." Finally, this paragraph of the 1976 Constitution provided, "The General Assembly may enact laws in and of, but not inconsistent with, this Paragraph."

(b) Subparagraph (a) of Art. IV, Sec. II, Par. II of the Georgia Constitution of 1983 provides, "Except as otherwise provided in this Paragraph, the State Board of Pardons and Paroles shall be vested with the power of executive clemency, including the powers to grant reprieves, pardons, and paroles; to commute penalties; to remove disabilities imposed by law; and to remit any part of a sentence for any offense against the state after conviction."

Subparagraph (b) deals with two situations: when a sentence of death is commuted to life imprisonment, and when a person is convicted of armed robbery. When a sentence of death is commuted to life imprisonment, subparagraph (b) provides that the board shall not have the authority to grant a pardon to the convicted person until such person has served at least 25 years in the penitentiary. And, when a person is convicted of armed robbery, subparagraph (b) further provides that the board shall not have the authority to consider such person for pardon or parole until such person has served at least five years in the penitentiary.

Subparagraph (c) provides, "Notwithstanding the provisions of subparagraph (b) of this Paragraph, the General Assembly, by law, may prohibit the Board from granting and may prescribe the terms and conditions for the Board's granting a pardon or parole to: (1) Any person incarcerated for a second or subsequent time for any offense for which such person could have been sentenced to life imprisonment; and (2) Any person who has received consecutive life sentences as the result of offenses occurring during the same series of acts."

(c) Art. IV, Sec. VII, Par. II of the 1983 Constitution provides, "The powers and duties of members of constitutional boards and commissions provided for in this Article, *except the Board of Pardons and Paroles,* shall be as provided by law." (Emphasis supplied.)

(d) And, the separation-of-powers doctrine is enshrined in both the 1976 and 1983 Georgia Constitutions. "The legislative, judicial, and executive powers shall forever remain separate and distinct . . ." Art. I, Sec. II, Par. III, Georgia Constitution of 1983; Art. I, Sec. II, Par. IV, Georgia Constitution of 1976.

(e) OCGA § 42-9-45 (b) sets forth the length of sentence which must be served before initial consideration for parole takes place. In this regard, § 42-9-45 (b) provides, "An inmate serving a misdemeanor sentence or misdemeanor sentences shall only be eligible for consideration for parole after the expiration of six months of his sentence or sentences or one-third of the time of his sentence or sentences, whichever is greater. An inmate serving a felony sentence or felony sentences shall only be eligible for consideration for parole after the expiration of nine months of his sentence or one-third of the time of the sentences, whichever is greater. Inmates serving sentences aggregating 21 years or more shall become eligible for consideration for parole upon completion of the service of seven years."

(f) However, OCGA § 42-9-46 provides that, "Notwithstanding any other provisions of law to the contrary, if the board is to consider any case in which an inmate has failed to serve the time required by law for automatic initial consideration, the board shall notify in writing, at least ten days prior to consideration, the sentencing judge and the district attorney of the county in which the person was sentenced. The sentencing judge or district attorney or both may appear at a hearing held by the board or make a written statement to the board expressing their views and making their recommendation as to whether the person should be paroled."

*Superior Court's Rulings.*

The superior court found that except for the provisions of subparagraph (c) of Art. IV, Sec. II, Par. II of the 1983 Georgia Constitution, the 1983 Constitution expresses no authority for legislative in-

terference with the board's exercise of its powers. The court ruled that under the maxim *expressio unius est exclusio alterius* (the expression of one thing amounts to the exclusion of another), *Porter v. Calhoun County*, 250 Ga. 566, 567-568 (300 SE2d 143) (1983), no other forms of legislative regulation are permissible. The same conclusion was reached in regard to Art. IV, Sec. II, Par. I of the 1976 Constitution.

The superior court also based its ruling on the language of Art. IV, Sec. VII, Par. II of the 1983 Georgia Constitution. And, from reading transcripts of the proceedings of the Select Committee on Constitutional Revision, the court concluded that it was the intent of the drafters of the 1983 Constitution to prohibit legislative oversight of the board. In addition, the court held that its ruling was also mandated by the separation-of-power provisions of the State Constitutions.

Accordingly, OCGA §§ 42-9-45 (b) and 42-9-46 were struck down by the superior court as unconstitutional.

*Disposition of this Case on Appeal.*

As we read §§ 42-9-45 (b) and 42-9-46, there is some conflict between these statutory provisions.

Section 42-9-45 (b) purports to establish the minimum time served before an inmate is eligible for consideration for parole, but § 42-9-46 authorizes the board to consider an inmate for parole before the inmate has served the minimum times specified in the previous Code section.

However, interpreting these provisions as meaning that the board can consider an inmate for parole before service of the minimum times specified in § 42-9-45 (b), so long as the notice required by § 42-9-46 is given, we conclude that there is no unconstitutional infringement on the powers of the board.

We do not disagree with the superior court that an independent Board of Pardons and Paroles is envisioned under our State Constitution. However, § 42-9-46 places no limitations on the substantive power of the board. It merely provides that before that power is exercised, notice to vitally interested authorities be given.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Thomas J. Charron*, pro se.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, George M. Weaver, Assistant Attorneys General, J. Stephen Schuster,*

■■■■■■■■■

*Steven A. Westby, J. Alfred Johnson, Charles David Caithaml,* for appellees.