[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12226

Non-Argument Calendar

_____

BARRY SLAKMAN,

Plaintiff-Appellant,

*versus*

STATE BOARD OF PARDONS AND PAROLES,
TERRY E. BARNARD,
Chairman of State Board Pardons & Paroles,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04822-SCJ

———————————

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Barry Slakman, a Georgia inmate serving a life sentence, was denied parole in 2020. He sued, claiming that the denial violated his constitutional rights. The district court adopted the magistrate judge's Report and Recommendation and dismissed Slakman's complaint. Slakman appeals; we affirm.

I

In 1993, Barry Slakman beat and strangled his wife to death while she was in the shower because she indicated that she wanted a divorce. *Slakman v. State*, 280 Ga. 837, 837 (2006). Slakman was convicted in 2001 and sentenced to life in prison, with the opportunity to seek parole. *Id.* at 837 n.1.

According to Slakman's complaint, he has been "periodically" denied parole during his time in prison. His most recent denial occurred in 2020, in which the Parole Board cited an "insufficient amount of time served to date given the nature and circumstances" of his crimes as its "main reason" for issuing the denial. It also noted that Slakman's "parole eligibility status remains intact,"

and affirmed that his "case will be reconsidered by the Board during August 2023."

Slakman filed suit against the Board and its chairman under 42 U.S.C. § 1983, alleging that the denial of parole violated his constitutional rights. Specifically, Slakman asserted (1) that the denial "retroactively increased" his sentence in violation of the Ex Post Facto Clause, and (2) that he "has been denied equal protection."

Defendants moved to dismiss Slakman's complaint for failure to state a claim. The district court referred the motion to a magistrate judge, who issued a Report and Recommendation concluding that the motion should be granted and Slakman's complaint dismissed.

The district court adopted the magistrate judge's recommendation, reasoning that Slakman failed to state a claim against the Board because, as a state agency, the Board was immune from § 1983 liability. It also held that Slakman's claim against the chairman was barred by the statute of limitations. And, on the merits, the court went on to observe (1) that Slakman failed to show an Ex Post Facto violation because he hadn't alleged a change in his parole eligibility, and (2) that he failed to state a claim for an equal protection violation because he had not alleged "that he received different treatment based on any constitutionally protected interest." Slakman appeals.

4                    Opinion of the Court                21-12226

## II

On appeal, Slakman maintains that his parole denial violated the Ex Post Facto Clause and his equal protection rights.[1] We consider those in turn.[2]

_____

[1] Slakman also raises a due process violation. But because that issue was not properly brought before the district court and is raised for the first time on appeal, we will not consider it. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Similarly, Slakman addresses the Board's sovereign immunity for the first time in his reply brief and, consequently, has waived that issue. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."). Accordingly, Slakman's claims against the Board are dismissed on immunity grounds. Ordinarily, that would be the end of our inquiry. *See McClendon v. Ga. Dep't of Comty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) ("[F]ederal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment."). But because Slakman also sues Chairman Barnard—who is not entitled to Eleventh Amendment immunity—we address the merits of Slakman's claims as they apply to Barnard. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983.").

[2] We review a district court's dismissal for failure to state a claim de novo. *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1025 (11th Cir. 2003) (per curiam). Because Slakman has failed to state a claim on the merits, we opt not to address whether his claims are also time-barred. *Cf. United States v. Najjar*, 283 F.3d 1306, 1309 (11th Cir. 2002) (per curiam) (stating that "the expiration of the statute of limitations does not divest a district court of subject matter jurisdiction," but instead is a waivable "affirmative defense"); *see also Waddell v. Dep't of Corr.*, 680 F.3d 384, 394 (4th Cir. 2012) ("[I]nasmuch as the statute of limitations question is arguably more difficult than the merits

### A

Slakman contends that a 2006 amendment to the Georgia Code retroactively altered his eligibility for parole. As amended, the law provides that "for a first conviction of a serious violent felony in which the accused has been sentenced to life imprisonment, that person shall not be eligible for any form of parole . . . until that person has served a minimum of 30 years in prison." O.C.G.A. § 17-10-6.1(c)(1). According to Slakman, that's a serious departure from previous practice, under which he asserts he would "have been paroled after serving 7-9 years in prison."

It's true that a change in parole policy can implicate the Ex Post Facto Clause. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1260 (11th Cir. 2003) (per curiam). Thus, if applied retroactively to Slakman, it's conceivable that § 17-10-6.1(c) might raise Ex Post Facto concerns.

But the shift in policy of which Slakman complains was not applied to him—although he has not yet served the 30-year minimum required by § 17-10-6.1(c), he has remained eligible for parole. Slakman freely admits that, throughout his incarceration, his parole applications have been "periodically" considered and denied. And the Board, absent unique circumstances not present here, only considers inmates that are eligible for parole. See O.C.G.A. §§ 42-9-45(a), 42-9-46; see also Charron v. St. Bd. of

---

issues, we are content to assume without deciding that [the plaintiff's] claims are not time-barred and proceed with our analysis of their merits.").

*Pardons & Paroles*, 253 Ga. 274, 276 (1984) (holding that the Board "can consider" an inmate who is ineligible for parole only if the notice requirements of O.C.G.A. § 42-9-46—which require notifying the sentencing judge, the district attorney, and any victim—are satisfied).

So, the fact that Slakman's applications have been "periodically" considered and denied—well within § 17-10-6.1(c)(1)'s 30-year minimum—compels the conclusion that the 30-year minimum has not been applied to him.[3] Slakman simply confuses being *eligible* for parole with being *granted* parole.[4]

Slakman cannot demonstrate that § 17-10-6.1(c)(1) was applied to him at all, much less in a way that violated the Ex Post Facto Clause of the U.S. Constitution. His Ex Post Facto claim is meritless.

**B**

Slakman's opening brief contends (without citing to any legal support for his argument) that he "has been denied equal protection when compared with other similarly situated inmates

---

[3] This is underscored by the Board's 2020 denial, which reaffirmed that Slakman's "parole eligibility status *remains intact*." Pl's Am. Compl. Ex. C (emphasis added). His eligibility can't have *remained* intact if it wasn't intact prior to the 2020 parole denial.

[4] Slakman's real gripe must be that he wasn't *granted* parole, not that he wasn't *eligible* for it. But "the ultimate grant or denial of parole to a prisoner who is eligible . . . remains a discretionary matter for the Board." *Ray v. Carthen*, 275 Ga. 459, 460 (2002) (quotation marks omitted).

21-12226            Opinion of the Court                    7

serving life sentences for murder." To the extent that argument is preserved,[5] it is unpersuasive.

As a "class of one," Slakman must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).[6] "To be similarly situated, the comparators must be prima facie identical in all relevant respects." *Grider v. City of Auburn*, 618 F.3d 1240, 1264 (11th Cir. 2010) (quotation marks and emphasis omitted).

In his complaint, Slakman conclusorily asserted that "[o]ther similarly situated inmates with life sentences for murder, who were not as advantageously positioned as [he], have been paroled with substantially shorter incarcerations." To establish that those inmates were "similarly situated," Slakman provided only: (1) the crime for which they were convicted, and (2) the length of their sentence served before being granted parole.

---

[5] *See* Fed. R. App. P. 28(a)(8)(A) (stating that the appellant's brief must provide "citations to the authorities" supporting his or her arguments); *see also N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

[6] Slakman does not contend that the alleged "discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001) (per curiam).

"The decision to grant or deny parole is based on many factors such as criminal history, nature of the offense, disciplinary record, employment and educational history, etc." *Fuller v. Ga. St. Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (per curiam); *see also* O.C.G.A. § 42-9-42(c).  Slakman failed to provide the district court with any information regarding these "many factors."  Thus, the court had no way to determine whether the comparators were "*identical in all relevant respects.*"  *Grider*, 618 F.3d at 1264 (quotation marks omitted; emphasis in original).

Because Slakman did not (and does not on appeal) engage with the "many factors" that could have distinguished his purported comparators, he has failed to state a claim for an equal protection violation.[7]

**AFFIRMED.**

---

[7] In his reply brief, Slakman discusses at least a few of the ways in which he was "advantageously positioned" for parole.  But even if we took those claims—which were not brought forth in this litigation until he filed his reply brief—at face value, he fails to articulate how those factors compare to his purported comparators.